UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Laurie Friend
and other similarly situated individuals,

      Plaintiff(s),

v.

Mid-Florida Housing Partnership, Inc.

      Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Laurie Friend, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Mid-Florida Housing Partnership, Inc., and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Laurie Friend is a resident of Volusia County, Florida. Accordingly, Plaintiff is a covered employee for purposes of the Act.

3. Defendant Mid-Florida Housing Partnership, Inc. (from now on MFHP, or Defendant) is a Florida Not for Profit Corporation, having a business in Volusia County, Florida, where Plaintiff worked for Defendant.

4. Defendant MFHP was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Volusia County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Laurie Friend as a collective action to recover from the Defendant minimum wages overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being adequately compensated.

7. Defendant MFHP is a Non-Profit organization dedicated to providing first-time homebuyers ownership education classes, including budgeting, credit, default, and foreclosure prevention counseling.

8. MFHP operates "Palmetto House," a temporary housing facility located at 336 S. Palmetto Avenue, Daytona Beach, FL 32114, where Plaintiff worked.

9. Defendant MFHP employed Plaintiff Laurie Friend as a non-exempted transitional housing monitor employee from January 21, 2021, to June 28, 2021, or 23 weeks.

10. Plaintiff was a live-in housing monitor, but she paid rent for her living quarters. Plaintiff was paid at the rate of approximately $8.46 an hour. Plaintiff's overtime rate should be $12.98 an hour.

11. Plaintiff monitored 44 double rooms and their residents, along with 5 more monitor employees. Plaintiff's duties included cleaning the facilities, maintenance, administering drug testing to residents, providing food, handling evictions, and performing multiple safety and security-related tasks.

12. During her employment with Defendant, Plaintiff was assigned an official schedule.   Plaintiff worked the night shift on Sundays, Mondays, and

Tuesdays from 10:30 PM to 7:00 AM (8.5 hours each day), or 25.5 hours per week.

13. However, Plaintiff worked many more hours that were not properly compensated. On her scheduled days, Plaintiff was required to begin working half an hour earlier, which represented 1.5 unpaid off-the-clock hours in 3 days.

14. Furthermore, during the entire week, at any time, Plaintiff was required to work a minimum of 3 off-the-clock hours daily, which represents 21 unpaid off-the-clock hours in a week.

15. Thus, Plaintiff worked a minimum average of 48 hours weekly. Nevertheless, she was paid between 20 and 32 hours per week.  The remaining hours were not paid at any rate, not even at the minimum wage rate.

16. Plaintiff did not clock in and out, but she signed timesheets on her scheduled days. Thus, Defendant could track the number of hours worked by Plaintiff and required her to work off-the-clock hours without compensation.

17. Plaintiff is not in possession of time and payment records, but she estimates that Defendant failed to pay her a minimum of 8 regular hours and a minimum of 8 overtime hours.

18. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid bi-weekly by direct deposits, without any paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.  Plaintiff did not have access to check the number of hours worked.

20. On or about May 2021, Plaintiff complained to the Assistant Program Manager, Lindsay Medders, about working too many hours without overtime payment. Lindsay Medders stated that Plaintiff "was not technically on the clock" and that they would see if they could exempt Plaintiff for having to pay rent," but nothing was fixed.

21. On or about June 03, 2021, Plaintiff asked Lindsay Medders if she had been able to figure out about Plaintiff's unpaid regular and overtime hours. Lindsay Medders stated that she was still looking into it, but it would take some time to fix the problem.

22. On or about June 25, 2021, Plaintiff complained to Lindsay Medders that her check was short 1 week and was still not getting paid for all her hours worked. Lindsay Medders pulled out the timesheets, and Plaintiff noticed

that her signature had been forged.  Plaintiff objected to this practice, and Lindsay Medders admitted to forging Plaintiff's signature and also admitted having done it for the other employees.  Lindsay Medders promised to fix the hours and to pay Plaintiff the missing week on July 09, 2021, but denied the payment for overtime hours.

23. As a result of this complaint, on or about June 28, 2021, Assistant Program Manager Lindsay Medders informed Plaintiff that she was fired and evicted from her living quarter, effective immediately.

24. Plaintiff LAURIE FRIEND seeks to recover regular wages and unpaid overtime wages for every hour worked over 40 during her entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour and failed to pay overtime hours at the rate of time and one-half their regular rate.

27. This action is intended to include every housing monitor employee, janitorial and maintenance employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

28. Plaintiff Laurie Friend re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. Defendant, MFHP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a housing education agency that operates a transitional house. Defendant's activities are connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a housing monitor performing services in an institution connected to a public agency. In addition, Plaintiff regularly handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

31. Defendant MFHP employed Plaintiff Laurie Friend as a non-exempted housing monitor employee from January 21, 2021, to June 28, 2021, or 23 weeks.

32. Plaintiff was a live-in housing monitor, but she paid rent for her living quarters. Plaintiff was paid at the rate of approximately $8.46 an hour. Plaintiff's overtime rate should be $12.98 an hour.

33. During her employment with Defendant, Plaintiff was assigned an official schedule.  Plaintiff worked the night shift on Sundays, Mondays, and Tuesdays from 10:30 PM to 7:00 AM (8.5 hours each day), or 25.5 hours per week.

34. However, Plaintiff worked many more hours that were not adequately compensated. Plaintiff was required to begin working half an hour earlier on her scheduled days, which represented 1.5 unpaid off-the-clock hours in 3 days.

35. Furthermore, during the entire week, at any time, Plaintiff was required to work a minimum of 3 off-the-clock hours daily, which represents 21 unpaid off-the-clock hours in a week.

36. Thus, Plaintiff worked a minimum average of 48 hours weekly. Nevertheless, she was paid only between 20 and 32 hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate.

37. Plaintiff did not clock in and out, but she signed timesheets on her scheduled days. Thus, Defendant could track the number of hours worked by Plaintiff and required her to work off-the-clock hours without compensation.

38. Therefore, Defendant willfully failed to pay Plaintiff and other similarly situated individuals overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

39. Plaintiff was paid bi-weekly by direct deposits, without any paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc. Plaintiff did not have access to check the number of hours worked.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

42. Plaintiff is not in possession of time and payment records, but she estimates that Defendant failed to pay her a minimum of 8 regular hours and a minimum of 8 overtime hours.

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Two Thousand Three Hundred Eighty-Eight Dollars and 32/100 ($2,388.32)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 23 weeks
       Relevant weeks of employment:  23 weeks
       Total hours worked:  48 hours weekly average
       Total unpaid O/T hours:  8 overtime hours
       Rate paid: $8.46 an hour
       FL Minimum wage 2021: $8.65 an hour x 1.5=$12.98
       O/T rate: $12.98 an hour

       O/T 12.98 x 8 O/T hours=$103.84 weekly x 23 weeks=$2,388.32

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

     This amount represents unpaid overtime wages.

43. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth

above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. Defendant MFHP willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Laurie Friend and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Laurie Friend and other similarly situated individuals and against the Defendant MFHP based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Laurie Friend actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Laurie Friend demands trial by a jury of all issues triable as of right by a jury.

## **COUNT II:**
## **FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE**

47. Plaintiff Laurie Friend re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

48. Plaintiff Laurie Friend brings this action to recover from the Employer MFHP unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

49. Defendant, MFHP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a housing education agency that operates a transitional house. Defendant's

activities are connected to a public Agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a housing monitor performing services in an institution connected to a public agency. In addition, Plaintiff regularly handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

51. Defendant MFHP was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

52. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

53.  the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

54. Defendant MFHP employed Plaintiff Laurie Friend as a non-exempted housing monitor employee from January 21, 2021, to June 28, 2021, or 23 weeks.

55. Plaintiff was a live-in housing monitor, but she paid rent for her living quarters. Plaintiff was paid at the rate of approximately $8.46 an hour.

56. During her employment with Defendant, Plaintiff was assigned an official schedule.  Plaintiff worked the night shift on Sundays, Mondays, and Tuesdays from 10:30 PM to 7:00 AM (8.5 hours each day), or 25.5 hours per week.

57. However, Plaintiff worked many off-the-clock hours without compensation.  Plaintiff worked a minimum of 48 hours weekly.

58. On her scheduled days, Plaintiff was required to begin working half an hour earlier, which represented 1.5 unpaid off-the-clock hours in 3 days.

59. Furthermore, during the entire week, at any time, Plaintiff was required to work a minimum of 3 off-the-clock hours daily, which represents 21 unpaid off-the-clock hours in a week.

60. Thus, Plaintiff worked a minimum average of 48 hours weekly. Nevertheless, she was paid between 20 and 32 hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate.

61. Furthermore, at the time of her termination, Plaintiff was not paid for 1 week of work.

62. Plaintiff did not clock in and out, but she signed timesheets on her scheduled days. Defendant could track Plaintiff's number of hours and required her to work off-the-clock hours without compensation.

63. Therefore, Defendant willfully failed to pay Plaintiff her regular wages in violation of the Fair Labor Standards Act.

64. Plaintiff was paid by direct deposits without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

65. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon

information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

66. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

67. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        One Thousand Nine Hundred Thirty-Seven Dollars and 60/100 ($1,937.60)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 23 weeks
        Total relevant week:  23 weeks
        Total hours worked:  48 hours weekly
        Total number of regular unpaid hours worked: 8 hours weekly
        Florida minimum wage 2021:  $8.65

        1.- FL min. wage $8.65 x 8 unpaid regular hours=$69.20 weekly

$69.20 weekly x 23 weeks=$1,591.60

2.- One-week unpaid regular wages
     FL min. wage $8.65 x 40 hours=$346.00

Total #1 and #2=$1,937.60

c. <u>Nature of wages:</u>

This amount represents unpaid min. wages at Florida minimum Wage rate.

68. Defendant MFHP unlawfully failed to pay Plaintiff minimum wages.

69. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

70. Defendant MFHP willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

71. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Laurie Friend and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Laurie Friend and against the Defendant MFHP on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Laurie Friend and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;
## PURSUANT TO 29 USC 215(a)(3)

72. Plaintiff Laurie Friend re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

73. Defendant, MFHP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

74. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a housing monitor performing services in an institution connected to a public agency. In addition, Plaintiff regularly handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

75. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

76. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the

employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

77. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

79. Defendant MFHP employed Plaintiff Laurie Friend as a non-exempted transitional housing monitor employee from January 21, 2021, to June 28, 2021, or 23 weeks.

80. Plaintiff was a live-in housing monitor, but she paid rent for her room. Plaintiff was paid at the rate of approximately $8.46 an hour. Plaintiff's overtime rate should be $12.98 an hour.

81. Plaintiff monitored 44 double rooms and their residents, along with 5 more monitor employees.

82. During her employment with Defendant, Plaintiff was assigned an official schedule.  Plaintiff worked the night shift on Sundays, Mondays and

Tuesdays from 10:30 PM to 7:00 AM (8.5 hours each day), or 25.5 hours per week.

83. However, Plaintiff worked many more hours that were not properly compensated. On her scheduled days, Plaintiff was required to begin working half an hour earlier, which represented 1.5 unpaid off-the-clock hours in 3 days.

84. Furthermore, during the entire week, at any time, Plaintiff was required to work a minimum of 3 off-the-clock hours daily, which represents 21 unpaid off-the-clock hours in a week.

85. Thus, Plaintiff worked a minimum average of 48 hours weekly. Nevertheless, she was paid between 20 and 32 hours per week. The remaining hours were not paid to her at any rate, not even at the minimum wage rate.

86. Plaintiff did not clock in and out, but she signed timesheets on her scheduled days. Thus, Defendant could track the number of hours worked by Plaintiff and required her to work off-the-clock hours without compensation.

87. Therefore, Defendant willfully failed to pay Plaintiff and other similarly situated employees regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in

violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

88. Plaintiff was paid bi-weekly by direct deposits, without any paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.  Plaintiff did not have access to check the number of hours worked.

89. Plaintiff was disappointed with the lack of payment for hours worked, and on or about May 2021, Plaintiff complained to the Assistant Program Manager, Lindsay Medders, about working too many hours without overtime payment. Lindsay Medders stated that Plaintiff "was not technically on the clock" and that they would see if they could exempt Plaintiff from having to pay rent," but nothing was fixed.

90. On or about June 03, 2021, Plaintiff asked Lindsay Medders if she had been able to figure out about Plaintiff's unpaid regular and overtime hours. Lindsay Medders stated that she was still looking into it, but it would take some time to fix the problem.

91. On or about June 25, 2021, Plaintiff complained to Lindsay Medders that her check was short 1 week and was still not getting paid for all her hours worked. Lindsay Medders pulled out the timesheets, and Plaintiff noticed that her signature had been forged.  Plaintiff objected to this practice, and

Page **23** of **26**

Lindsay Medders admitted to forging Plaintiff's signature and also admitted to having done it for the other employees.  Lindsay Medders promised to fix the hours and to pay Plaintiff the missing week on July 09, 2021, but denied the payment for overtime hours.

92. These complaints constituted protected activity under the FLSA.

93. However, as a direct result of Plaintiff's complaints, on or about June 28, 2021, Assistant Program Manager Lindsay Medders informed Plaintiff that she was fired and evicted from her living quarter, effective immediately.

94. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

95. There is close proximity between Plaintiff's protected activity and her termination.

96. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid regular and overtime wages from Defendant.  In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular and overtime wages.

97. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

98. Plaintiff Laurie Friend has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Laurie Friend respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant MFHP that Plaintiff Laurie Friend recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant MFHP to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Laurie Friend further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Laurie Friend demands trial by a jury of all issues triable as of right by a jury.

Dated:  July 26, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*